UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| **TIFFANY SMITH**, *on behalf of herself and all other similarly situated*, | |
| Plaintiff, | CASE NO. 1:16-cv-00968 |
| v. | MAGISTRATE JUDGE |
| **ANNAPOLIS JUNCTION RAIL SOLUTIONS, LLC et al.** | TIMOTHY J. SULLIVAN |
| Defendant. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

THIS CAUSE came before the Court on the Motion for Preliminary Approval of Class Settlement filed herein by Plaintiff, Tiffany J. Smith ("Ms. Smith" or "Plaintiff"), individually and on behalf of all others similarly situated, with respect to the proposed settlement with Defendant, CSX Transportation, Inc. ("CSXT" or "Defendant"). The Court being fully advised in the premises of the proposed class settlement makes the following findings:

      A.     Plaintiff[1] on behalf of herself and the other Settlement Class members in this action styled *Tiffany J. Smith v. Annapolis Junction Rail Solutions, LLC et al., Case No. 1:16-cv-00968-TJS* ("Litigation") and Defendant have entered into a Settlement Agreement and Release on January 11, 2018 after lengthy arms-length settlement discussion;

      B.     Plaintiff and Defendant have filed the Settlement Agreement with the Court on January 11, 2018 (ECF# ).

      C.     The Settlement Agreement has been submitted to the Court for approval

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement and Release.

pursuant to Rule 23, Federal Rules of Civil Procedure.

      D.     Pursuant to Rule 23, Federal Rules of Civil Procedure, a settlement class will be

certified consisting of:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) from April 1, 2014 through March 15, 2017; (a) who authorized e-Verifile.com, Inc. to obtain a consumer report for an employment purpose; (b) where CSXT used the e-RAILSAFE program to evaluate such person's consumer report; (c) such consumer report included at least one of CSXT's criteria for denial of access to its property or the property of its corporate affiliates; (d) such person's e-RAILSAFE application was initially denied based in whole, or in part, on the consumer report; and (e) CSXT did not provide such person with a copy of his or her e-Verifile.com, Inc. consumer report and a description in writing of the rights of such person under 1681g(c)(3).

("Settlement Class")

      E.     The Court has received and considered the Settlement Agreement;

      F.     Pursuant to Settlement Agreement, the parties have agreed:

        1.     <u>Settlement Fund</u>: Defendant has agreed to create a $262,500 Settlement Fund to be divided among two different groups of people. The Notice Class shall be entitled to a maximum net settlement payment of approximately $40.00 and the Appeal Class shall be entitled to a maximum net settlement payment of approximately $80.00. The amount of each check, set forth above, reflects a pro rata payment from the Settlement Fund less attorneys' fees and costs and a Service Award for the Plaintiff as approved by the Court and settlement administration costs. The Settlement Fund will be reduced for the payment of settlement administration costs, the cost and expense of litigation, attorneys' fees of Class Counsel, and a Service Award to Plaintiff, as approved by the Court.

        2.     <u>Attorneys' Fees, Costs and Expenses</u>: Class Counsel will ask the Court to approve payment of up to one-third of the Settlement Fund for attorneys' fees as well as payment

for expenses incurred to prosecute the case.   The fees compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In accordance with the requirements of Rule 23, Federal Rules of Civil Procedure, the aforementioned fee request is included as part of the disclosures in the Mail Notices and Appeal Notices.

    3. *Cy Pres*: Any Settlement Funds remaining after payments to the Settlement Class and any unexpected expenses for Class Notice, will be distributed to a Court-approved *cy pres* beneficiary.

  G. The Settlement Agreement is fair, reasonable and adequate to the Settlement Class.

  IT IS HEREBY ORDERED THAT:

  1. The Settlement Agreement is preliminarily approved.

  2. The Court preliminarily certifies the Settlement Class pursuant to Rule 23, Federal Rules of Civil Procedure.

  3. Ms. Tiffany J. Smith is hereby appointed class representative for the Settlement Class.

  4. E. David Hoskins and Steven B. Isbister of The Law Offices of E. David Hoskins, LLC; John C. Bazaz of the Law Offices of John C. Bazaz, PLC; Leonard Bennett, Craig Marchiando, and Elizabeth Hanes of Consumer Litigation Associates, P.C; and Matthew A. Dooley and Stephen M. Bosak, Jr. of O'Toole McLaughlin Dooley & Pecora Co LPA are hereby appointed Class Counsel for the Settlement Class.

  5. The names and last known addresses of all known or identifiable Settlement Class members that Defendant is able to obtain from e-Verifile.com, Inc. shall be provided by

Case 1:16-cv-00968-TJS   Document 65   Filed 01/29/18   Page 4 of 5

Defendant to Class Counsel by: ___February 6, 2018_____. (The parties suggest that the date be seven (7) days after entry of this order.)

6.      Mail Notices in the form of Exhibit "A" for the Notice Class members and in the form of Exhibit "B" for the Appeal Class members attached to the Settlement Agreement shall be mailed to the Notice Class members and the Appeal Class members, respectively, by: ___February 20, 2018_____. (The parties suggest that the date be 21 (21) days from the date of entry of this order.)

7.      All opt-outs forms, motions to intervene in, and objections to the proposed class action settlement shall be made on or before: ___April 20, 2018_____. (The parties suggest that the date be eighty (80) days from the date of entry of this order.) At least fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

8.      The Court finds that the distribution of the Mail and Appeal Notices substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.      The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator namely American Legal Claim Services, LLC.  Class Counsel shall cause the dissemination of the Mail and Appeal Notices and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Settlement Class member inquiries, as set forth in the Settlement Agreement and this order under the direction and supervision of the Court.

10.     The Final Approval Hearing will be conducted before the U.S. Magistrate Judge Timothy J. Sullivan, at the United States District Court for the District of Maryland, 6500 Cherrywood Lane, Suite 335A, Greenbelt, MD 20770., in Courtroom #: __3B_____ on: __May 30, 2018_____ at: _10:00_____ a.m. (The parties suggest that the date be one hundred twenty (120) days from the date of entry of this order.)

11.     All papers in support of the settlement and any application for an award of attorneys' fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least fourteen (14) days prior to the Final Approval Hearing.

DONE AND ORDERED in Chambers at Greenbelt, Maryland this: _29th_ day of: _January_ , _2018_____ .

_____
U.S. MAGISTRATE JUDGE TIMOTHY J. SULLIVAN

5