IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIFFANY SMITH AND LUIS M.
MORALES, *on behalf of themselves and all other similarly situated,*

v.

ANNAPOLIS JUNCTION RAIL
SOLUTIONS, LLC et al.,

Defendants.

CASE NO. 1:16-cv-00968

MAGISTRATE JUDGE
TIMOTHY J. SULLIVAN

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

For the reasons below, Plaintiffs' Motion or Final Approval of Class Action Settlement, Dismissal of Claims With Prejudice, and Awarding Attorneys' Fees, Costs, and Class Representative Service Awards is hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the filings, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on May 30, 2018, of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Settlement Class:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) from April 1, 2014 through March 15, 2017; (a) who authorized e-Verifile.com, Inc. to obtain a consumer report for an employment purpose; (b) where CSXT used the e-RAILSAFE program to evaluate such person's consumer report; (c) such consumer report included at least one of CSXT's criteria for denial of access to its property or the property of its corporate affiliates; (d) such person's e-RAILSAFE application was initially denied based in whole, or in part, on the consumer report; and (e) CSXT did not provide such person with a copy of his or her e-Verifile.com, Inc. consumer report and a description in writing of the rights of such person under 1681g(c)(3).

There are 2,744 individual consumers who comprise the Notice Sub-Class, defined as all members of the Settlement Class who did not appeal Defendant's decision to deny them access to its property or the property of its corporate affiliates. There are 694 individual consumers who comprise the Appeal Sub-Class, defined as all members of the Settlement Class who appealed Defendant's decision to deny them access to its property or the property of its corporate affiliates.

The Court appoints the Plaintiffs, Tiffany Smith and Luis M. Morales, as the Class Representatives. The Court has previously found adequate and appointed as Class Counsel: E. David Hoskins, LLC; John C. Bazaz of the Law Offices of John C. Bazaz, PLC; Leonard A. Bennett, Craig C. Marchiando, and Elizabeth Hanes of Consumer Litigation Associates, P.C., and Matthew A. Dooley and Stephen M. Bosak, Jr. of O'Toole McLaughlin Dooley & Pecora Co LPA. The Court reaffirms that appointment.

Relative to the Class, the Court specifically finds:

a. The Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Class;

c. The claims of the Named Plaintiffs are typical of the claims of the Class that the Named Plaintiffs seek to represent;

    d.    The Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class;

    e.    The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

    f.    Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 91% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Class. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

One Class Member, Jeffrey Baker, has timely and validly excluded himself from the Settlement, and will not be bound by the Settlement or any of its terms.

Having considered Plaintiffs' request for an agreed-upon Service Award of $8,000 for Tiffany Smith and $2,000 for Luis M. Morales, the Court concludes that the awards are appropriate. Defendant does not oppose the request. Such awards are commonplace in class actions

in this District and elsewhere, and the Court finds Plaintiffs have earned the awards by prosecuting this case, answering discovery, and keeping up-to-date on the case status through conferences with their Counsel. The Court orders these payments, totaling $10,000, be made from the Settlement Fund.

The Court likewise concludes that Plaintiff's Counsel's requested attorneys' fees of $87,491.00, which includes costs of $2,880.74, is reasonable and should be awarded. The award is to be paid from the Settlement Fund. Class Counsel's estimated lodestar accumulated in this case exceeds this award, resulting in a negative multiplier. Defendant does not oppose the proposed award. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

Any Settlement Funds remaining after payments to the Settlement Class and any unexpected expenses for Class Notice will be distributed to the Maryland Volunteer Lawyers Service, Inc. as *cy pres*.

Defendants have confirmed that they sent to the appropriate Class Action Fairness Act ("CAFA") notices on January 18, 2018. There were no objections or comments from the government officials to whom CAFA notice was sent.

The Court hereby retains jurisdiction over the Parties and the Class to ensure the effective administration of the Settlement.

Plaintiff's claims, and those of Class Members not listed above as having excluded themselves, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

May 30, 2018.

_____
Timothy J. Sullivan
UNITED STATES MAGISTRATE JUDGE